**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Docket No. 1:19-mj-2257-MBB |
| **TANMAYA KABRA** | |

## DEFENDANT'S MOTION FOR RELEASE ON CONDITIONS

The defendant, Tanmaya Kabra ("Kabra"), by and through undersigned counsel, respectfully moves this Honorable Court to order Kabra's release pending adjudication of the criminal charges against him, pursuant to 18 U.S.C. § 3142(a)(2), (c). As grounds therefor, Kabra avers and states the government is unable to meet its burden to establish that there are no conditions of release which will "reasonably assure [his] appearance as required," pursuant to 18 U.S.C. § 3142(e)(1).[1] *U.S. v. Patriarca*, 948 F.2d 789, 793 (1st. Cir. 1991). Specifically, Kabra respectfully submits the following special conditions of release, in addition to this Court's standard conditions, are more than adequate to ensure he is present for all required court appearances:

1. that he sign an unsecured bond in the amount of $50,000;

2. electronic/GPS monitoring;

3. that he reside at his girlfriend's home in Wenham, MA and be subject to her third-party suretyship as approved by the court;[2]

---

[1] The government stated at Kabra's initial appearance that risk of flight was the only basis for detention it would advance.

[2] The home in Wenham is occupied by Kabra's girlfriend, Alma, as well as her parents, Mimi and Robert, and her brother, Gregory, all of whom are willing to allow Kabra to reside with them during the pendency of this case. Further, Alma and her parents will be present during Kabra's

4. that his residence be subject to random, unannounced searches by U.S. Pre-Trial Services;

5. and that he abide by any other condition of release set forth in 18 U.S.C. 3142(c)(1) which this Honorable Court deems necessary.

## ARGUMENT

Kabra has been charged, by way of a criminal complaint, with one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of bank fraud, in violation of 18 U.S.C. § 1344. *See* ECF# 3. Neither offense triggers the rebuttal presumptions set forth in 18 U.S.C. § 1342(e)(2), (3). Accordingly, it is the government's burden to establish by a preponderance of the evidence that no combination of conditions are sufficient to reasonably assure Kabra's presence at all required court appearances. *Patriarca*, 948 F.2d at 793. The Bail Reform Act requires the following factors be considered when making this determination: the nature and circumstances of the offense (particularly, whether the offense is a crime of violence, a crime of terrorism, or involves a minor, controlled substance, or firearm), the weight of the evidence, and the history and characteristics of the accused. 18 U.S.C. § 1341(g).

Kabra is a twenty-five (25) year old U.S. Citizen who emigrated from India with his parents when he was approximately eighteen (18) months old. He resided briefly in Singapore between the ages of thirteen (13) and eighteen (18) when his parents relocated there, but has otherwise resided in the United States for the majority of his life. When he returned, he enrolled in Babson College where he earned a Bachelor's degree in 2016. While attending college and through the present, Kabra has developed significant ties to the community, particularly in

---

detention hearing and are willing to answer any questions this Court may have, as well as to swear to their agreement to immediately report any violation of his conditions of release to Pre-Trial Services.

Massachusetts. Although Kabra recently moved to New Jersey one (1) month ago, his life is almost exclusively centered in the Boston area. Indeed, Kabra was arrested at Logan Airport where he was enroute to Europe with intentions of proposing to his girlfriend. Moreover, his primary connections outside the country consist of his mother, father, and fourteen (14) year old brother.  Kabra's father has informed undersigned counsel that he is making arrangements to travel to Boston in the near future to support his son.

On the government's side of the calculus are offenses that are purely economic; there is no allegation that the offense involved violence or any of the other specifically enumerated categories in 18 U.S.C. § 1342(g)(1). Neither offense carries a mandatory minimum penalty. The government might argue Kabra's reliability is inherently compromised in light of the charges. However, even assuming the offense conduct is true, it was not committed while under the watchful eyes of either U.S. Pre-trial Services or a third-party surety. There is little to suggest Kabra, a twenty-five (25) year old young man with no criminal record and few resources, would commit another offense or defy this Court's orders during the case's pendency even assuming the truth of the underlying allegations. Additionally, to the extent the government argues (without evidentiary substantiation) that Kabra will use the fruits of the alleged offense to abscond, those concerns are substantially diminished in light of the a civil complaint filed by the Securities and Exchange Commission which seeks total restraint of all of Kabra's assets. *See Securities and Exchange Commission v. Tanmaya Kabra et al,* 1:19-cv-11676-FDS, ECF#1 at 16.

First Circuit precedent, namely *United States v. Patriarca*, 948 F.2d 789 (1st Cir. 1991) and *United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990), is instructive for purposes of this Court's determination here. In *Patriarca*, "the court acknowledged that the Mafia had both the

will and the way to facilitate flight," which it described as "the most compelling consideration," including a history that it had successfully done so with another fugitive. *Id.* at 793. However, the Court concluded this evidence "was minimal, not even enough to satisfy the preponderance burden of proof" because it was not supplemented by evidence of that particular defendant's "propensity to flee." *Id.* Similarly, in *United States v. O'Brien*, 895 F.2d 810, 815 (1st Cir. 1990), notwithstanding evidence in that case that the defendant was a high-level DEA Agent with ties outside the continental United States charged with narcotics violations requiring imposition of a mandatory minimum sentence, the First Circuit still upheld the District Court's conclusion that posting of the defendant's Virginia home and electronic monitoring were sufficient to ensure his appearance as required.

As per *Patriarca* and *O'Brien*, even assuming the government presents evidence that Kabra has ties outside the United States, that evidence is not sufficient to detain Kabra unless it is somehow supplemented with evidence to establish his predisposition to flee the jurisdiction. The government lacks such evidence. While Kabra was arrested at the airport, he was leaving the country with his soon-to-be fiancée on vacation and had return tickets home. He immediately retained counsel. His outside-the-country contacts will be flying half-way across the globe to lend him their support. Through this motion, Kabra is proposing conditions arguably on a parity with those imposed in the above-referenced cases. While the charges in the instant case are unquestionably serious, it would strain credulity to suggest that Kabra poses a greater flight risk than the head of an international organization with significant resources and a history of similar conduct.

The defendant submits that an order pursuant to 18 U.S.C. § 3142(h) incorporating all of the above enumerated conditions is sufficient to satisfy the dictates of 18 U.S.C. § 3142(f), and

he respectfully requests this Honorable Court issue an order permitting his release subject thereto.

WHEREFORE, the defendant respectfully requests his motion for release on conditions be granted.

> Respectfully Submitted,
> For the defendant,
> Tanmaya Kabra,
> By his counsel,
>
> /s/ *Greg L. Johnson*
> Greg L. Johnson, Esq.
> Yannetti Law Firm
> 44 School St., #1000A
> Boston, MA  02108
> (617) 338-6006
> BBO# 664279

Dated: August 7, 2019

## Certificate Pursuant to L.R. 7.1

I, Greg L. Johnson, hereby certify that on August 6, 2019, I spoke with counsel for the government, AUSA Christopher Looney, and we were unable to narrow the issues.

> /s/ *Greg L. Johnson*
> Greg L. Johnson

## Certificate of Service

I, Greg L. Johnson, hereby certify that on August 7, 2019, I caused a true copy of the foregoing appearance to be served upon all necessary parties to this matter by virtue of electronically filing the same via the CM/ECF system.

> /s/ *Greg L. Johnson*
> Greg L. Johnson