# EXHIBIT B

Case 1:19-cr-10335-DJC  Document 34-2  Filed 09/12/19  Page 1 of 6

## Promissory Note

$40,000.00                                                                                                              JUNE 1, 2019

For value received, LaunchByte Ventures, LLC, a Massachusetts limited liability company, with an address for purposes hereof at 715 Boylston Street, Suite 120, Boston, MA 02116 **(the "Borrower")**, promises to pay to the order of **Varun Sharat**, an **Individual** (herein called **the "Lender"**) at the principal office of Lender located in Chicago, IL or such other place as the Lender hereof shall designate, the principal sum of

*FORTY THOUSAND AND 00/100 DOLLARS*

together with simple interest on unpaid principal balances from the date hereof until paid in full at a fixed rate equal to twenty percent **(20%) simple interest per the duration of this note**. The term of this note shall be, at most, eighteen (12) months from the receipt of funds. All payments shall be applied first to accrued but unpaid interest and other charges due hereunder and the balance, if any, to principal. In any event, the entire unpaid principal balance of this Note, together with any accrued but unpaid interest and other charges as are due hereunder, shall be paid in full on or before **JUNE 1, 2020.** This execution of this note shall nullify any previous promissory note signed between Borrower and Lender.

The Borrower shall have the right and privilege to prepay the principal amount outstanding hereunder without penalty, in whole or in part. If the principal balance outstanding under this Note is prepaid in full prior to the maturity date, the Borrower shall make payment to the Lender for all accrued but unpaid interest and other charges due hereunder at the time of such prepayment. All partial prepayments of this Note shall be applied to installments hereof in the inverse order of maturity.

This Note shall, at the option of the Lender, become immediately due and payable without notice or demand upon the occurrence of any of the following events:

(a) Failure to make any payment hereunder within ten (10) days of the date when due;

(b) Failure for ninety (90) days to discharge any attachment or levy on any property of any maker, endorser or guarantor hereof; or

(c) Occurrence of any of the following with respect to any maker, endorser or guarantor hereof: admission in writing of his or its inability, or becoming generally unable, to pay his or its debts as they become due, death, dissolution, termination of existence, cessation of normal business operations, insolvency, appointment of a receiver of any part of the property of, legal or equitable assignment, conveyance or transfer of property for the benefit of creditors by, or the commencement of any proceedings under any bankruptcy or insolvency laws by or against, such person; provided however, in the case of the commencement of any such proceedings against such person, such person shall have sixty (60) days from the date of the commencement of such proceedings to dismiss such proceedings.

ATIM KABRA, **(the "Guarantor")** hereby irrevocably and unconditionally guarantees to Lender and its successors and assigns the payment and performance of Borrower under this Note, as and when the same shall be due and payable, whether by lapse of time, by acceleration of maturity or otherwise. Guarantor hereby irrevocably and unconditionally covenants and agrees that it is liable under this Note as a primary obligor. It shall not be necessary for Lender (and Guarantor hereby waives any rights which Guarantor may have to require Lender), in order to enforce the obligations of Guarantor hereunder, first to (i) institute suit or exhaust its remedies against Borrower or others liable under the Note or any other person, (ii) enforce Lender's rights against any collateral which shall ever have been given to secure the Note, (iii) enforce Lender's rights against any other guarantors of the Note, (iv) exhaust any remedies available to Lender against any collateral which shall ever have been given to secure the Note, or (v) resort to any other means of obtaining payment under the Note. Lender shall not be required to mitigate damages or take any other action to reduce, collect or enforce the Note.

Every maker, endorser and guarantor hereof (including, without limitation, Borrower and Guarantor) hereby waives presentment, demand, notice and protest and all other demands and notices in connection with the delivery, acceptance, performance, default or enforcement hereof or of any collateral, and assent to any extension or postponement of the time of payment or other indulgence under this Note or with respect to any collateral, and to any substitution, exchange or release of collateral, or the discharge of any party primarily or secondarily liable hereon. No delay or omission on the part of the Lender in exercising any right hereunder shall operate as a waiver of such right or any other right hereunder, and a waiver of any such right on one occasion shall not be construed as a bar to or waiver of any such right on any future occasion. In the event this note is signed by more than one person, all obligations hereunder shall be joint and several.

Notwithstanding any provision in this Note to the contrary, the total liability for payments of interest and payments in the nature of interest, including, without limitation, all charges, fees, exactions, or other sums which may at any time be deemed to be interest, shall not exceed the limit imposed by the usury laws of the jurisdiction governing this Note or any other applicable law. In the event the total liability of payments of interest and payments in the nature of interest, including, without limitation, all charges, fees, exactions or other sums which may at any time be deemed to be interest, shall, for any reason whatsoever, result in an effective rate of interest, which for any month or other interest payment period exceeds the limit imposed by the usury laws of the jurisdiction governing this Note, all sums in excess of those lawfully collectible as interest for the period in question shall, without further agreement or notice by, between, or to any party hereto, be applied to the reduction of the outstanding principal balance due hereunder immediately upon receipt of such sums by the Lender, with the same force and effect as though the Borrower had specifically designated such excess sums to be so applied to the reduction of the principal balance then outstanding, and the Lender hereof had agreed to accept such sums as a penalty-free payment of principal; provided, however, that the Lender may, at any time and from time to time, elect, by notice in writing to the Borrower, to waive, reduce, or limit the collection of any sums in excess of those lawfully collectible as interest, rather than accept such sums as a prepayment of the principal balance then outstanding. Borrower does not intend or expect to pay, nor does the Lender intend or expect to charge or collect any interest under this Note greater than the highest non-usurious rate of interest which may be charged under applicable law.

Lender agrees and acknowledges that the purpose of this Note is to provide funds to Borrower so that Borrower may, inter alia, consolidate creditors and support Borrower's fees associate with the associated venture fund's setup and administration, fundraising, and closings, including, without limitation, professional services fees.

Any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, shall be determined by arbitration in Massachusetts before one arbitrator. The arbitration shall be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures and in accordance with the Expedited Procedures in those Rules. Judgment on the Award may be entered in any court having jurisdiction. This clause shall not preclude parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction. This Note shall be governed by the laws of the Commonwealth of Massachusetts, and shall take effect as an instrument under seal. Borrower consents to jurisdiction in the state and federal courts located in Massachusetts.

THE PARTIES HERETO HEREBY WAIVE, TO THE EXTENT PERMITTED BY LAW, THE RIGHT TO TRIAL BY JURY IN ANY ACTION OR PROCEEDING INVOLVING, DIRECTLY OR INDIRECTLY, ANY MATTER OF ANY KIND WHATSOEVER IN ANY WAY ARISING OUT OF, RELATED TO, OR CONNECTED WITH THIS NOTE, ANY DOCUMENT RELATED HERETO OR THE RELATIONSHIPS ESTABLISHED HEREUNDER OR THEREUNDER.

[Signatures on following page]

This Note is executed and delivered as an instrument under seal as of the date first stated above.

BORROWER:

LAUNCHBYTE VENTURES, LLC

By:_____
Name: Tanmaya Kabra
Title: Manager

GUARANTOR:

_____
Name: Atim Kabra

LENDER:

_____
Varun Sharat

4

3507126.3/14431-2