IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| vs. | Criminal No. 19-10335-DJC |
| TANMAYA KABRA, | |
| Defendant. | |

## [PROPOSED] PROTECTIVE ORDER

Upon consideration of the United States' Assented-to Motion for a Protective Order, it is hereby **ORDERED** that:

1) The discovery materials produced by the government in this case ("Protected Materials") may be used by the defendant, defendant's counsel, any employees or agents of defendant's counsel (including any paralegals, investigators, experts, secretaries, law firm staff, vendors, and consultants retained by or otherwise assisting the attorneys representing or performing work on behalf of the defendant) and any person assisting defendant in the defense of this case and SEC v. Kabra, et al., Civil No. 19-11676-NMG (collectively, the "Kabra Actions"), and for no other purpose and in connection with no other proceeding;

2) Defendant's counsel and defendant will not disclose any Protected Materials produced by the government in the process of discovery and trial of this case, directly or indirectly, to any other person, except as provided for in, and subject to the terms of, this Order. This Order does not prohibit the defendant, his counsel, and those assisting the defense, from sharing the Protected Materials for the purpose of preparing witnesses or the defense of the Kabra Actions;

1

3) The defendant and his counsel shall not copy or reproduce Protected Materials except as necessary to provide copies of the material for use by an authorized person as described above to prepare or assist in the defense of the Kabra Actions, and all such copies and reproductions will be treated in the same manner as the original matter;

4) When providing Protected Materials to an authorized person, defendant and his counsel must inform the authorized person that the materials are provided subject to the terms of this Protective Order and that the authorized person must comply with the terms of this Protective Order;

5) Defendant's counsel will inform the defendant of the provisions of this Protective Order, and direct him not to disclose or use any information contained in the government's discovery in violation of this Protective Order;

6) Nothing in this Order shall restrict the use by the defendant's attorneys of Protected Materials or information during investigation of the allegations and preparation of defenses or from using or displaying Protected Materials in witness interviews, for investigative purposes, or for the preparation of the defense of the Kabra Actions;

7) This Order shall neither restrict the defendant from seeking to introduce Protected Materials into evidence at trial or in any pretrial or post-trial proceedings, or as attachments or exhibits submitted to a court in connection with this criminal case, nor require that such documents be filed under seal. With respect to the public filing or use of any Protected Materials, the parties shall redact personally identifiable or sensitive information, including: (1) social security numbers, (2) names of minor children, (3) dates of birth, (4) financial account numbers, (5) driver's license numbers and (6) email addresses and telephone numbers of third-parties unless they receive prior

court approval. *See* Fed. R. Crim. P. 49.1.

Nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

/s/ Marianne B. Bowler, USMJ
**HONORABLE MARIANNE B. BOWLER**
**UNITED STATES MAGISTRATE JUDGE**

Dated: October 30, 2019