

-U.S. Department of Justice

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*                 *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 5, 2020

Mark A. Berthiaume
Greenberg Traurig
One International Place, Suite 2000
Boston, MA 02110

Re: <u>U.S. v. Tanmaya Kabra, 19-cr-10335</u>

Dear Mark:

I am writing to respond to your letter dated February 20, 2020 regarding the above-captioned matter. Responses to the specific requests set forth in your letter are below.

*Discovery Requests:*

**Response to Request No. 1:** The government will continue to produce all automatic discovery required under Local Rule 116.1(c), including all of the materials and information to which the defendant is entitled under Federal Rule of Criminal Procedure 16(a)(1). The government anticipates that it will produce additional materials in this case and anticipates doing so not later than March 13, 2020.

**Response to Request No. 2:** At this time, a date for trial has not been set and the government has not identified what witnesses it anticipates it will or may call in its case-in-chief. Accordingly, this request, which seeks disclosure of materials or information that may be subject to the Jencks Act, and *Giglio v. United States*, 405 U.S. 150 (1972) is premature.

The government proposes that it be required to disclose the identity of witnesses it intends to call in its case-in-chief at trial not less than 60 days prior to trial and that it be required to produce any material subject to the Jencks Act and/or *Giglio v. United States*, 405 U.S. 150 (1972) at that time.

**Response to Request No. 3:** All documents and materials presented to the grand jury concerning the investigation of crimes committed by Mr. Kabra and/or Launchbyte.io LLC or affiliated entities have been produced to the defendant. The government will produce electronic copies of the "stickered" versions of those exhibits as presented to the grand jury and will do so not later than March 13, 2020.

**Response to Request Nos. 4-6:** At this time, a date for trial has not been set and the government has not identified what witnesses it anticipates it will or may call in its case-in-

chief. Accordingly, to the extent that this request seeks disclosure of materials or information subject to the Jencks Act, and *Giglio v. United States*, 405 U.S. 150 (1972), it is premature.

The government proposes that it be required to disclose the identity of witnesses it intends to call in its case-in-chief at trial not less than 60 days prior to trial and that it be required to produce any material subject to the Jencks Act and/or *Giglio v. United States*, 405 U.S. 150 (1972) at that time.

The government understands and will continue to abide by its obligations to produce exculpatory information pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Osorio*, 929 F.2d 753, 762 (1st Cir. 1991), and Local Rules 116.1 and 116.2. The government will continue to review memoranda of interviews relating to the investigation of crimes committed by Mr. Kabra and/or Launchbyte.io LLC or affiliated entities and will continue to make any disclosures required under these rules.

**Response to Request No. 7:** This request seeks disclosures beyond any legal obligation imposed upon the government under the Federal Rules of Criminal Procedure, the United States Constitution (including as applied in *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972) and *United States v. Osorio*, 929 F.2d 753 (1st Cir. 1991)) or any other rule or law. The government, accordingly, will not make any disclosure in response to this request.

**Response to Request No. 8:** This request seeks disclosures beyond any legal obligation imposed upon the government under the Federal Rules of Criminal Procedure, the United States Constitution (including as applied in *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972) and *United States v. Osorio*, 929 F.2d 753 (1st Cir. 1991)) or any other rule or law. The government, accordingly, will not make any disclosure in response to this request.

**Response to Request No. 9:** To the extent that it is aware of it, the government has and will produce all of the categories of information and materials that are made subject to disclosure by Federal Rule of Criminal Procedure 16 and all exculpatory information within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Osorio*, 929 F.2d 753, 762 (1st Cir. 1991), and Local Rule 116.2 that is within the possession of the Securities and Exchange Commission.

Except to the extent set forth above, the government will not produce material or information in response to this request, which extends beyond the appropriate bounds of discovery.

**Response to Request No. 10:** As set forth in the parties' joint interim status report (Doc. No. 75), the government contends that the request for disclosure of expert testimony under Federal Rules of Evidence 702, 703, and 705 is premature and proposes it make any expert witness disclosures 45 days prior to trial and that defendant provide any expert witness disclosures 30 days prior to trial.

**Response to Request No. 11:** This request seeks disclosures beyond any legal obligation imposed upon the government under the Federal Rules of Criminal Procedure, the

United States Constitution (including as applied in *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972) and *United States v. Osorio*, 929 F.2d 753 (1st Cir. 1991)) or any other rule or law.  The government, accordingly, will not make any disclosure in response to this request.

**Response to Request No. 12:**  The government contends that this request that the government identify evidence of prior bad acts that it intends to introduce pursuant to Federal Rule of Evidence 404(b) is premature.  The government proposes that it should make such disclosures no later than 21 days before the trial date in accordance with Local Rule 117(a)(4)(B).

*Request for a Bill of Particulars*

"The purpose of a bill of particulars is to provide the accused with detail of the charges against him where necessary to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy."  *United States v. Pavia*, 892 F.2d 148, 154 (1st Cir. 1993).  Such relief need be employed only "where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."  *United States v. Torres*, 901 F.2d 205 (2nd Cir. 1990) (internal citations omitted).  "Acquisition of evidentiary detail is not the function of the bill of particulars."  *Id.* (internal citations omitted).  *See also United States v. Smith*, 776 F.2d 1104, 1111 (3rd Cir. 1985) ("A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation … Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation." (internal citations omitted; Emphasis in original)).  Moreover, because of the hemming effect of a bill of particulars "judges are reluctant to order particulars which, in their requirement for detail or otherwise, amount to the imposition of a straitjacket on the prosecution."  *U.S. v. Ackerly*, No. 16-10233-RGS, •2017 WL 5484673, at *3 (D. Mass. Nov. 15, 2017) (Stearns, J.).

Here, the indictment is more than sufficient to apprise you and your client of the charges against him, to prevent surprise, and to protect him against double jeopardy.  Indeed, the indictment provides much of the information that your letter requests—such as the nature of misrepresentations made by Mr. Kabra to Investors 1-4 and the use of funds that he received from them.  *See, e.g.*, Indictment ¶¶ 8-9, 15-16, 18, 21-22, 24-25, 28-29, 32-33, 36, 39.

Given the above, the government, under separate cover and not later than March 13, 2020, will provide only the following information in response to your request for a bill of particulars:

**Paragraph 3:**  The government will identify by name the individuals referred to as Victims 1-4 in the Indictment.

**Paragraph 17:**  The government will identify by name the third party from whom Mr. Kabra received a wire in the amount of $75,000 as described in Paragraph 17 of the Indictment.

**Paragraph 25:**  The government will provide information concerning the identity of "start-up compan[y]" and "the large, well-known company" described in Paragraph 25 of the Indictment.

I am available at your convenience to discuss your requests and the government's responses.

                                              Very truly yours,

                                              ANDREW E. LELLING
                                              United States Attorney

                              By:   */s/ Chris Looney* _____
                                              Christopher Looney
                                              Assistant U.S. Attorney