

U.S. Department of Justice

*Nathaniel R. Mendell*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*    *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 11, 2021

Michael Connolly, Esq.
Hinckley, Allen and Snyder, LLP
28 State Street
Boston, MA 02109

      Re:    United States v. Tanmaya Kabra
                Criminal No. 19-10335

Dear Mr. Connolly:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Tanmaya Kabra ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    <u>Change of Plea</u>

No later than March 15, 2021, Defendant will waive Indictment and plead guilty to Counts One to Four of the attached Superseding Information charging him with wire fraud in violation of 18 U.S.C. § 1343. Defendant admits that he committed the crimes specified in those counts and is in fact guilty of those crimes. The U.S. Attorney agrees to dismiss the Indictment following the imposition of a sentence at the sentencing hearing.

    2.    <u>Penalties</u>

Defendant faces the following maximum penalties: incarceration for 20 years, supervised release for three years, a fine of $250,000, or twice the gross gain or loss, whichever is greater, a mandatory special assessment of $100, restitution, and forfeiture to the extent charged in the Information.

    3.    <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense

level" under the Guidelines is 22:

    a) Defendant's base offense level is 7, because Defendant is pleading guilty to an offense of conviction that has a statutory maximum term of imprisonment of 20 years or more (USSG § 2B1.1(a)(1));

    b) Defendant's offense level is increased by 16, because the gain or loss from the offense of conviction is more than $1.5 million but not more than $3.5 million (USSG § 2B1.1(b)(1)(I));

    c) Defendant's offense level is increased by 2, because the offense involved 10 or more victims (USSG § 2B1.1(b)(2)(A); and

    d) Defendant's offense level is decreased by 3 points, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

    a) incarceration at the low end of the Guidelines sentencing range as calculated by the U.S. Attorney in Paragraph 3;

    b) a fine within the Guidelines sentencing range as calculated by the U.S. Attorney in Paragraph 3, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

    c) 12 months of supervised release;

    d) a mandatory special assessment of $400, which Defendant must pay to the Clerk of the Court by the date of sentencing;

    e) restitution in an amount to be determined by the Court; and

    f) forfeiture as set forth in Paragraph 8.

5. <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Without the written approval of the U.S. Attorney, Defendant agrees not to transfer, or to cause or allow anyone else to transfer, (a) any asset restrained by the Court or which Defendant has agreed to forfeit under this Agreement; or (b) any other asset in which Defendant has an interest.

The parties also agree, however, to the following exceptions to the above. Defendant is free to transfer, or to cause or allow others to transfer:

    a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $5,000;

    b) Ordinary living expenses, so long as such assets do not exceed $3,000 per month; and

    c) Attorney's fees incurred in this criminal case.

6. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

  a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

  b) He will not challenge his <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence, regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

7.   <u>Waiver of Hyde Amendment Claim</u>

Defendant is aware that the Court can award attorneys' fees and other litigation expenses to defendants in certain criminal cases. In exchange for the concessions the U.S. Attorney is making in this Agreement, Defendant waives any claim under the so-called "Hyde Amendment," 18 U.S.C. §3006A, that is based in whole or in part on the U.S. Attorney's agreement in Paragraph 1 to dismiss Counts One through Nine of the Indictment.

8.   <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

9.   <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

10. <u>Breach of Plea Agreement</u>

Defendant understands that if he breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw his guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if he breaches any provision of this Agreement or engages in any of the aforementioned conduct, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

11. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

12. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*   *   *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Christopher Looney.

Sincerely,

NATHANIEL R. MENDELL
Acting United States Attorney

By:   */s/ Stephen E. Frank*
STEPHEN E. FRANK
Chief
Securities, Financial & Cyber Fraud Unit
JORDI DE LLANO
SETH B. KOSTO
Deputy Chiefs
Securities, Financial & Cyber Fraud Unit


*Christopher R. Looney*
Christopher R. Looney
James D. Herbert
Assistant U.S. Attorneys

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I received an offer by letter dated March 4, 2021 and rejected it.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

Tanmaya Kabra
Defendant

Date: March 12, 2021

I certify that Tanmaya Kabra has read this Agreement and that we have discussed what it means. I believe Tanmaya Kabra understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that, in addition to this offer, the U.S. Attorney extended an offer dated March 4, 2021 and that I fully discussed that offer with Defendant before Defendant rejected it.

Michael Connolly, Esq.
Attorney for Defendant

Date: March 12, 2021

## CERTIFICATE OF SERVICE

      Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                */s/ Christopher Looney*
                                                Christopher Looney
                                                Assistant United States Attorney

Dated: March 16, 2021