IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Action No. 19-cr-10335 |
| | ) |
| TANMAYA KABRA, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT TANMAYA KABRA'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR A DOWNWARD DEPARTURE OR A VARIANCE

Defendant Tanmaya Kabra ("Mr. Kabra") respectfully moves this Court for a downward departure under U.S.S.G. § 5H1.5, § 5H1.11, and § 5K2.0 from level 22 to level 11 under the Sentencing Guidelines based on his acceptance of responsibility, employment history, charitable works, and restitution. Further, Mr. Kabra respectfully urges the Court to grant a downward departure or a variance based on Mr. Kabra's genuine remorse and impose a sentence of time served and home confinement. There are substantial grounds that support a downward departure and/or a variance from the applicable guideline range. Mr. Kabra respectfully submits that the factors set forth herein, together with the factual and legal arguments set forth in his Sentencing Memorandum, dated September 13, 2021, support the imposition of a sentence of home confinement as sufficient and all that is necessary to fulfill the purposes of sentencing in this case.

**I.      BACKGROUND**

Mr. Kabra hereby incorporates by reference the background information set forth in his Sentencing Memorandum filed this date. Mr. Kabra also requests the Court to consider the character letters attached to that filing as Exh. I.

The Presentence Investigation has led to the determination that Mr. Kabra's total offense level is 22. Presentence Investigation Report ("PSR"), ¶ 135. Mr. Kabra's criminal history category score is zero, and, thus, the guideline imprisonment range is 41 to 51 months. *Id*. at ¶¶ 139, 172.

## II.   LAW AND ARGUMENT

District courts retain the independence and discretion to act wisely and to do justice -- not to be restricted by a mathematical formula that fails to account for the person and circumstances before the Court. *See United States v. Booker*, 543 U.S. 220, 261 (2005). As long as the record demonstrates that the court considers the § 3553(a) factors and renders a sentence with a rationale that is supported by the record, the trial court's sentence should stand. In sum, district courts must consult and take into account the Guidelines, but they are "not bound to apply" them, and "[t]he courts of appeals [will] review sentencing decisions for unreasonableness" only. *Id.* at 264. It is under this standard that Mr. Kabra urges the Court to consider the totality of the circumstances surrounding his history and characteristics.[1]

He therefore respectfully requests a downward departure and/or a variance from the applicable advisory Guidelines range.

### A.   Mr. Kabra Should Be Granted a Downward Departure Under §5H1.5 or a Variance Based on His Employment Record.

Mr. Kabra respectfully submits that there is substantial ground for a downward departure and/or variance on the basis of his employment record. Though an employment record is

---

[1] 18 U.S.C. § 3661 provides that "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court … may receive and consider for the purpose of imposing an appropriate sentence." With the advisory nature of the Guidelines, this Court is free under 28 U.S.C. § 994(d) to consider a defendant's (a) age, (b) education and vocational skills, (c) mental and emotional condition, (d) physical condition, (e) employment record, (f) family ties and responsibilities, (g) socioeconomic status, (h) civic contributions, and (i) reputation in the community, and weigh these factors in imposing sentence.

2

ordinarily not relevant to determine whether a departure is warranted, it can be "relevant in determining the conditions of probation or supervise release (e.g., the appropriate hours of home detention)." USSG § 5H1.5; *see also Koon v. United States*, 518 U.S. 81, 95 (1996) (discouraged factors are not necessarily an inappropriate bases for departure, rather they should only be relied upon in exceptional cases); *United States v. Harris*, 339 F. App'x 533, 538 (6th Cir. 2009) ("Booker renders the Guidelines advisory.  Hence, a district court may consider such factors [family life and employment history] in deciding whether a variance is warranted and determining the extent of any variance, but it should 'address the 'discouraged' status of these factors.'").  A departure is warranted when a court finds that a defendant is likely to make continued contributions to an extraordinary degree.  *United States v. Dyce*, 91 F.3d 1462, 1470 (D.C. Cir. 1996).

Here, Mr. Kabra's exceptional, consistent employment history warrants a departure. *United States v. Ruff*, 535 F.3d 999 (9th Cir. 2008) (sentenced Ruff to one day of incarceration and three years' supervised release, with one year of the release to be spent in a residential detention facility despite a range of 30 to 37 months due to Ruff's "history of strong employment."); *United States v. Tomko*, 562 F.3d 558 (3d Cir. 2009) (affirming sentence of probation with a year of home detention, community service, restitution, and fine for tax evasion, rather than to term of imprisonment where the sentencing guidelines range was 12-18 months. Court explicitly examined statutory sentencing factors such as defendant's negligible criminal history, employment record, community ties, and charitable works); *United States v. Patel*, 164 F.3d 620 (2d Cir. 1998) (affirming grant of downward departure based on Patel's extraordinary employment circumstances.  The dependence of both his wife and employees "together

3

constituted a set of circumstances sufficiently extraordinary to permit" a grant of a two-level downward departure).

Mr. Kabra's work history is exceptional for a man of his age and undeniably establishes that he is capable of continued contributions to the community at large. He has consistently held employment as well as operated businesses since his high school years. He is an extremely motivated, entrepreneurial and hardworking young man. In his short career, he has employed over forty full-time employees, cumulatively over the years, and engaged numerous contractors, started three different businesses, and offered free consulting services to minority owned businesses. Kabra Sentencing Mem., Exh. V. He is a gifted young man and has the ability to generate unique and valuable ideas for business. This is further evidenced by the fact that, over the course of a year and a half since his arrest, he was able to generate $800,000, which is currently available in a Court ordered escrow account. Kabra Sentencing Mem., Exh. J. Additionally, Mr. Kabra will apply his bail amount of $250,000.00 towards restitution.

Incarcerating Mr. Kabra would cause substantial delay to those who sustained losses in their business dealings with LaunchByte and are entitled to restitution. A sentence of time served with home confinement will enable Mr. Kabra to continue his rehabilitation and work to make whole those who have sustained losses.

### B. Mr. Kabra Should Receive a Downward Departure Under §5H1.11 or a Variance Based on His Charitable and Civic Involvement.

Mr. Kabra respectfully submits that he is entitled to a variance on the basis of his charitable giving and civic involvement. Courts may properly consider a defendant's contribution to society through charitable works. *See United States v. Thurston*, 544 F.3d 22, 25 (1st Cir. 2008) (affirming sentence of three months' incarceration followed by 24 months of supervised release. The court affirmed despite the dramatic variance from the guideline sentence

of sixty months imprisonment.  One basis for the departure was Thurston's "charitable work, community service, generosity with time, and spiritual support and assistance to others."  The court affirmed, giving deference to the district judges' sentencing decision.); *United States v. Huber*, 462 F.3d 945, 952 (8th Cir.2006) (holding in a case involving fraudulent statements to the government, tax fraud, and money laundering that a departure for defendant's substantial charitable contributions and generosity over many years was not clearly erroneous); *see also Tomko*, 562 F.3d at 561-562.

      Mr. Kabra's record of charity toward the community is admirable. He has donated his time, money and efforts to improving the lives of others since a very young age.  Starting in middle school, Mr. Kabra was a member of the Boy Scouts where he participated in various charitable activities.  In Singapore, throughout middle school and high school, Mr. Kabra became involved with Students Against Violating the Environment ("SAVE").  Through SAVE, Mr. Kabra engaged in extensive charitable work, including revamping a sensory trail for the visually handicapped on the island of Palu Ubin, guiding sensory nature walks for the blind on the trail, and teaching English and Math at schools in Indonesia and the Philippines.  *See* Sensory Trails – Working with the Visually Handicapped
*https://www.youtube.com/watch?v=ZvUwnXTJzs4* (June 24, 2011)*;* CEBU – GIN 201 *https://www.youtube.com/watch?v=ZvUwnXTJzs4* (Feb. 26, 2012).  Mr. Kabra also worked closely with the Jane Goodall Institute's Roots and Shoots Program to help plan fundraising events and to raise awareness about issues like poverty, water conservation, and protection of endangered species. Exh. A, p. 17.  Mr. Kabra was amongst four students at Singapore American School chosen to represent the school and Singapore at the Jane Goodall Institute's first Asian Pacific Youth Summit Conference in Hong Kong in August 2010.  Mr. Kabra also represented

Singapore American School and presented at the Global Issues Network Conference in Jakarta in April 2011. Exh. B.  He presented on global issues and solutions.  In recognition of his extraordinary charitable activities, Mr. Kabra received the distinguished service award three years in a row.  Exh. C.  Singapore American School awards students who show exemplary dedication to charitable service throughout the year.  Mr. Kabra completed over 200 hours of community service in his sophomore, junior and senior years of high school.

In college, Mr. Kabra continued his charitable works through his fraternity and various other service opportunities on campus.  He attended Big Brother events and worked with a local service group called Save a Dog, Inc., delivering towels and other supplies to the non-profit. Mr. Kabra has opened doors and created opportunities where none previously existed, including for young entrepreneurs.  After starting LaunchByte, Mr. Kabra planned and hosted a workshop at Excel High School for student entrepreneurs.  The workshop challenged groups of Excel students to develop their own original ideas for new applications.  A panel of entrepreneurs put together by LaunchByte listened and responded to the student's ideas and provided guidance for implementing business plans.  LaunchByte held three different workshops.  At the last workshop the winning team received a LaunchByte consultation, meaning the LaunchByte team would help develop the team's idea into an actual application.  Exh. D.  Additionally, Mr. Kabra donated technology to create a computer lab at Excel High School.  The lab consists of apple computers.  The donation was valued at about $41,000.  Exh. E.

Since his arrest, Mr. Kabra has continued his charitable activities volunteering his time at Prides Beach Association in Beverly, MA, Fur Fighters, and People Making a Difference.  Some of the beneficiaries of his charity have attested to his kindness and generosity.  *See* Kabra

...

Sentencing Mem., Exh. I, V. Mr. Kabra respectfully requests the Court to consider his charitable record in imposing a sentence.

### C. Mr. Kabra Should Receive a Downward Departure Under §5K2.0 or a Variance Based on His Extraordinary Restitution

Mr. Kabra respectfully submits that he is entitled to downward departure or variance based on his extraordinary restitution payment. A defendant's payment of restitution is a factor courts can consider in determining whether a two level reduction for acceptance of responsibility is warranted and whether a downward departure from the Guideline range is warranted. *United States v. Davis*, 797 F. Supp. 672, 677 (N.D. Ind. 1992). Departure is warranted if the "extent and timing of the [defendant's] restitution is sufficiently unusual." *Id.;* USSG § 5K2.0; *United States v. Bennett*, 9 F. Supp. 2d 513, 525 (E.D. Pa.), aff'd, 161 F.3d 171 (3d Cir. 1998) (granting downward departure in fraud case, in part, based on defendants extraordinary post-conduct restitution. Defendant's early turnover of the bulk of his assets materially assisted in reducing the loss amount and occurred to an unusual degree.).

Mr. Kabra has made extraordinary efforts to make restitution. Since the date of Mr. Kabra's release from custody, he has worked diligently to raise funds to pay back his victims. Despite spending time in prison and being subject to strict conditions of release, Mr. Kabra has been able to raise approximately $800,000 for restitution to date. This amount, along with the amount he paid for bail, means that $1.05 million of the $1.8 million restitution amount is already available to pay to victims. This is an extraordinary amount of money for a young man to raise in such a short period of time. The amount speaks to Mr. Kabra's work ethic and commitment to resolving this matter. Mr. Kabra's efforts, respectfully, merit a downward departure.

### D. Mr. Kabra Should Receive a Variance Based on His Remorse.

Finally, Mr. Kabra submits that he is entitled to a variance based on his genuine remorse. Remorse is a proper basis for a variance. In *United States v. Howe*, the court upheld a below guidelines sentence where the district court's Section 3553(a) analysis factored in the defendant's remorse at sentencing. 543 F. 3d 128 (3d Cir. 2009). Mr. Howe was convicted of two counts of wire fraud for submitting bills to the United States Air Force for $152,850 worth of military encryption modules. *Id.* at 130. The modules were never delivered and Mr. Howe engaged in sustained efforts to obstruct the ensuing Air Force investigation and hide his crimes. *Id.* He also maintained his innocence through a jury trial. *Id.* at 131. During sentencing, in his allocution, Mr. Howe made statements that the court found "showed genuine remorse." *Id.* at 134. The court specifically cited Mr. Howe's remorse as a Section 3553(a) factor justifying a downward variance. *Id.* at 137. On appeal, the Third Circuit ruled that the degree or remorse shown by a defendant at sentencing may be considered as a basis for downward variance regardless of whether the defendant had previously accepted responsibility. *Id.* at 138. Further, remorse need not be exceptional to support a downward variance. *Id.* The third circuit affirmed a sentence of two years probation despite a range of 18 to 24 months imprisonment. *Id.* at 141.

Mr. Kabra has accepted full responsibility for his crimes and does not seek to diminish them in any way. He is truly remorseful for his actions and intends to repay all victims of his crimes, including those who were not defrauded but who sustained business loses. Mr. Kabra understands the criminal nature of his actions and is taking steps to ensure he never engages in such conduct again. Mr. Kabra is a man who has been changed by virtue of the incarceration he has already served, the restrictions on his liberty since his release from jail, and the humiliation he has experienced from involvement in the criminal justice process. He is committed to fully

reforming his life and living as a law abiding citizen. It is respectfully submitted that the Court should refrain from ruling on this basis for the instant motion until the Court is able to witness Mr. Kabra's remorse during his allocution to the Court.

### CONCLUSION

The Court has the discretion to fashion an appropriate sentence that is "sufficient, but not greater than necessary" to achieve the goals of sentencing. Based on the forgoing arguments and authorities, this Honorable Court is respectfully urged to depart downward from a level 22 to a level 11 or to grant a variance under § 3553(a), and to impose a sentence of time served with home confinement.

Respectfully submitted,

TANMAYA KABRA


By his attorneys,

/s/ Michael J. Connolly
Michael J. Connolly
Julianna Malogolowkin
HINCKLEY, ALLEN & SNYDER LLP
28 State Street
Boston, MA 02109
mconnolly@hinckleyallen.com
jmalogolowkin@hinckleyallen.com
Tel. (617) 345-9000
Fax (617) 345-9020

Dated: September 13, 2021

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document filed through the ECF system will be sent electronically by the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 13, 2021.

                                          /s/ *Michael J. Connolly*
                                          Michael J. Connolly