IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § § § § § § § § § | |
| vs. | | |
| TANMAYA KABRA, | | |
| Defendants | | Criminal Action No. 19-cr-10335 |

### DEFENDANT TANMAYA KABRA'S RESPONSE TO PETITION FOR ACTION ON CONDITIONS OF PRETRIAL RELEASE

NOW COMES Defendant Tanmaya Kabra ("Mr. Kabra") and hereby respectfully moves the court to take no formal action in response to the Petition for Action on Conditions of Pretrial Release submitted by Pretrial Service Officer Erin Hennemann on September 10, 2021 (the "Petition"). In support of this motion, Mr. Kabra states as follows:

### PRETRIAL RELEASE

Mr. Kabra was released from pre-trial detention on October 3, 2019. Per Mr. Kabra's Conditions of Release dated October 3, 2019 (the "Conditions of Release"), Mr. Kabra was required to submit to home detention and GPS monitoring. (ECF No. 51). Since that date, Mr. Kabra has been required to wear an electronic GPS ankle-monitor.

On December 26, 2019, Mr. Kabra filed an Assented to Motion to Modify the Conditions of Release to change from home detention to a curfew condition. (ECF No. 64). On December 31, 2019, the Court granted the motion and entered an Order imposing a curfew of 10 p.m. to

1

7:00 a.m. on weekdays, and a curfew of 5:00 p.m. to 9:00 a.m. on weekends ("Curfew Condition"). (ECF No. 65).

On August 4, 2020, after review of the parties' motions and a hearing, the Court entered an Order to modify the Curfew Condition. The Court modified the hours of Mr. Kabra's Curfew Condition to 9 p.m. through 6 a.m. daily. (ECF Nos. 94, 97, 100, and 106). For approximately the past 18 months, Mr. Kabra has adhered to the Conditions of Release, including employment, GPS monitoring, and the Curfew Condition without major incident.

## PETITION FOR ACTION ON CONDITIONS OF PRETRIAL RELEASE

On September 10, 2021, Probation Officer Erin Hennemann ("Officer Hennemann") filed the Petition. Officer Hennemann requested that the Court schedule a Show Cause Hearing to "address the continued curfew violations and whether he should be remanded at the time of Sentencing." Petition, p. 3. Mr. Kabra's Sentencing Hearing is scheduled for September 15, 2021.

## AUGUST 12, 2021 VIOLATION

In support of his request that no formal action be taken in response to the Petition, Mr. Kabra offers background information and additional information regarding the violations listed in the Petition. With respect to the August 12, 2021 violation, the Petition states that "Mr. Kabra reached out to the covering officer to report that he would be late arriving home because his car was stuck in valet parking during a power loss while he was at the Blue Hill Country Club in Canton, MA" and that "Mr, Kabra did not return home until 10:44 PM." Petition, p. 2-3.

Mr. Kabra respectfully states that this violation is not grounds for remand at the time of Sentencing. On the evening of August 12, 2021, he was in fact at Blue Hill Country Club for a work meeting with a potential new client. He arrived around 7:30PM as indicated in the Petition.

2

*Id.* There was a severe storm that evening. When Mr. Kabra was preparing to leave prior to 9:00PM, there was a power outage and the entire club went dark. Exh. A. Mr. Kabra was unable to retrieve his car until the power came back on. Mr. Kabra promptly sent a text message to the covering officer as Mr. Kabra's probation officer was on annual leave. Exh. B. Mr. Kabra took contemporaneous steps to keep the covering officer informed of the circumstances causing his delay. *Id.* As soon as the power came on and Mr. Kabra was able to retrieve his car, he informed the covering officer, and swiftly returned home and informed the covering officer of his arrival. *Id.* Mr. Kabra even proactively made arrangements to have someone walk his dog so he would not have to leave his apartment once he arrived home. *Id.* ("And I've already arranged for my service dog to be brought outside so that I do not need additional time."). This violation is not of the nature that warrants immediate remand at the time of Sentencing, but rather shows Mr. Kabra's continued compliance and proactive approach to informing Probation officers of unanticipated delays.

## AUGUST 31, 2021 VIOLATION

The second violation cited in the Petition occurred on August 31, 2021. The petition states, among other things, that Mr. Kabra informed his probation officer "that he was accidentally running a few minutes late returning home due to his spin class." Petition, p. 3. "A review of gps points during the evening of August 31, 2021 revealed that Mr. Kabra appeared to be at a lounge called Grey's Hall from 8:02PM to 9:46PM prior to heading home. During a follow-up conversation with Mr. Kabra . . . he told [his probation officer] that he had taken his spin class at a gym called The Handle Bar, located on Broadway in Boston, MA, but that he also went over to Grey's Hall with the spin class staff after his class in order to celebrate a promotional video he had made for them." *Id.*

On August 31, 2021, Mr. Kabra was in fact at a spin class. He attending a 6:50PM class at Handlebar studio off of the Broadway intersection in South Boston which started late. Exh. C. The exact address is 141 Dorchester Ave, Boston, MA 02127. Exh. D. After the class ended, Mr. Kabra went to meet the members of the studio to collect feedback on the video he had created for them pro-bono. He was informed that they would be at Gray's Hall, a restaurant located nearby at 615 East Broadway. Exh. E. Mr. Kabra believed he had time to meet with them and get home prior to curfew. The meeting was necessary because he needed to address any feedback regarding the video before its use at the opening of a new location in the Prudential Center the next day at 4:00PM. Mr. Kabra realized he was running late at about 8:57PM and promptly texted his probation officer. Exh. F. Mr. Kabra was further delayed by traffic which prevented him from pulling his vehicle out of his parking spot.

Mr. Kabra acknowledges that he should have planned better, but states that this is not the type of violation that warrants immediate remand after Sentencing. Notwithstanding the unplanned traffic incident, Mr. Kabra was only approximately twenty minutes late arriving home and took contemporaneous steps to keep his probation officer informed of his actions. Contrary to the statements in the Petition, Mr. Kabra did not "make false statements to the Pretrial Services Office and/or the location monitoring center with regard to his curfew violation." Petition, p. 3.

## SEPTEMBER 9, 2021 VIOLATION

The third violation cited in the Petition occurred on September 9, 2021. The petition states, "Mr. Kabra was 31 minutes late returning home for curfew." Petition, p. 3. Mr. Kabra was not aware of this violation until he received the Petition, since he normally would receive some sort of alert.

Mr. Kabra urges the Court to recognize the fact that he has been under strict conditions of release for more than 685 days, and aside from a handful of minor incidents, each of which had credible evidence to corroborate Mr. Kabra's explanations, Mr. Kabra has diligently followed his conditions for these twenty-three months year and a half.  It is respectfully submitted that there is not good cause to immediately remand Mr. Kabra at the time of Sentencing.

## CONCLUSION

For the foregoing reasons, Mr. Kabra respectfully moves the Court to take no formal action as a result of the aforementioned violations.

Respectfully submitted,

TANMAYA KABRA

By his attorneys,

/s/ *Michael J. Connolly*
Michael J. Connolly, BBO#638611
Julianna Malogolowkin, BBO#693320
HINCKLEY, ALLEN & SNYDER LLP
28 State Street
Boston, MA 02109
mconnolly@hinckleyallen.com
jmalogolowkin@hinckleyallen.com
Tel. (617) 345-9000
Fax (617) 345-9020

Dated: September 15, 2021

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document filed through the ECF system will be sent electronically by the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 15, 2021.

                                              /s/ *Michael J. Connolly*
                                              Michael J. Connolly